UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| BETHANY CHRISTIAN SERVICES; BETHANY CHRISTIAN SERVICES OF MICHIGAN; and BETHANY CHRISTIAN SERVICES USA, LLC, | Case No. 1:24-cv-00922-JMB-PJG <br><br> Hon. Jane M. Beckering |
| Plaintiffs, | |
| v. | |
| SUSAN CORBIN, in her official capacity as director of the MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY; POPPY SIAS HERNANDEZ, in her official capacity as Executive Director of the OFFICE OF GLOBAL MICHIGAN. | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The Court, having considered the Verified Complaint, the Exhibits to the Verified Complaint, the Motion for a Preliminary Injunction, the Memorandum supporting the Motion for a Preliminary Injunction, and the evidence presented during the evidentiary hearing, and being fully advised, this Court makes the following findings pursuant to Federal Rule of Civil Procedure 65(a):

1.  Plaintiffs Bethany Christian Services, Bethany Christian Services of Michigan, and Bethany Christian Services USA, LLC (collectively, "Bethany Christian") have demonstrated a likelihood of success on the merits of their claims under the Free Exercise clause. Specifically, Defendants' non-discrimination policies are subject to strict scrutiny because (a)

Defendants' policies impose a substantial burden on Bethany Christian's religious exercise by forcing Bethany Christian to choose between its longstanding practice of requiring its employees to sign its Statement of Faith or participate in OGM-controlled federally funded grants to serve refugees; and (b) OGM's policies are neither neutral nor generally applicable. It is unlikely that Defendants will be able to satisfy this "highest level of review."

2. Absent injunctive relief, Bethany Christian will suffer irreparable injury in the form of deprivation of its constitutional right to the Free Exercise of religion, and more traditional irreparable harm in the loss of employees, programs, and standing in the community.

3. An injunction favors the public interest because it will halt Defendants' likely violation of Bethany Christian's constitutional rights. Additionally, the services that Bethany Christian provides to the refugee community are needed. An injunction will insure that Bethany Christian continues to provide the programs it has successfully run for years, and that any transition—should it ultimately occur at the conclusion of this lawsuit—will be unrushed and accomplished with minimal interruptions to the ongoing provision of refugee services.

4. The balance of the equities weighs in favor of issuing this preliminary injunction, because the third parties impacted have not previously provided the services at issue. Thus, they will suffer minimal harm, if any. And any harm they stand to incur, is far outweighed by the harm to Bethany Christian as the long-time, incumbent provider of these services.

Therefore, the Court **HEREBY ORDERS**:

Defendants shall preserve the status quo regarding Bethany Christian's provision of refugee-related services in the Grand Rapids, Kalamazoo, and Traverse City areas under the contracts in effect on September 9, 2024, and shall not transition services to other providers from Bethany Christian pending final judgment in this action.

3

**THIS ORDER ISSUED** on this ____ day of September, 2024 at _____ o'clock, __.m. EST.

_____
Hon. Jane M. Beckering
United States District Court Judge

3