UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BETHANY CHRISTIAN SERVICES; BETHANY CHRISTIAN SERVICES OF MICHIGAN; and BETHANY CHRISTIAN SERVICES USA, LLC,<br><br>Plaintiffs,<br>v.<br><br>SUSAN CORBIN, in her official capacity as director of the MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY; POPPY SIAS HERNANDEZ, in her official capacity as Executive Director of the OFFICE OF GLOBAL MICHIGAN; and BEN CABANAW in his official capacity as Deputy Director of the OFFICE OF GLOBAL MICHIGAN,<br><br>Defendants. | Case No. 1:24-cv-0922-JMB-PJG<br><br>Hon. Jane M. Beckering |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CORRECTED MOTION TO COMPEL RULE 30(b)(6) DEPOSITION AND EXPEDITED CONSIDERATION**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 2

The parties agree that Defendants can take a second 30(b)(6) deposition of Plaintiffs but do not agree on the scope of the second deposition. .......... 2

Defendants question Plaintiffs' corporate representatives for an entire day and cover nearly every topic in the October notice. .......... 3

Defendants notice the second 30(b)(6) deposition for topics that are overbroad, improper, and duplicative. .......... 4

Plaintiffs work with Defendants to find a mutually agreeable date for the second 30(b)(6) deposition of Plaintiffs. .......... 4

Starting on August 3, Plaintiffs make four requests to meet and confer as required by Rule 30(b)(6), but Defendants ignore Plaintiffs until August 11 .......... 5

Defendants hold the second 30(b)(6) deposition open pending resolution of this dispute. .......... 6

Plaintiffs reach out to Defendants with further compromises in a good faith effort to resolve this dispute .......... 7

ARGUMENT .......... 7

I. Topics (c)(4), (f), (g), (h), and (j) are not proper subjects of 30(b)(6) testimony. .......... 7

II. Topics (c)(1)-(3) and (d) were already identified and covered in the first 30(b)(6) deposition .......... 10

III. Plaintiffs' witnesses were prepared. .......... 11

IV. Plaintiffs have complied with their obligations under the Federal Rules of Civil Procedure and have not waived any objections. .......... 12

CONCLUSION .......... 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arora v. Midland Credit Mgmt.*,
No. 15 C 6109, 2021 WL 3737695 (N.D. Ill. Aug. 23, 2021) ....13

*BIAX Corp. v. NVIDIA Corp.*,
No. 09-CV-01257-PAB-MEH, 2011 WL 31101 (D. Colo. Jan. 5, 2011) ....10

*Cardoza v. Bloomin' Brands*,
141 F. Supp. 3d 1137 (D. Nev. 2015) ....13

*DTE Elec. Co. v. Toshiba Am. Energy Sys. Corp.*,
No. 22-10847, 2024 WL 4220714 (E.D. Mich. Sep. 17, 2024) ....12

*EEOC v. Am. Int'l Group, Inc.*,
1994 WL 376052 (S.D.N.Y. Jul 18, 1994) ....8

*Est. of Jenkins v. Am. Funds Distribs., Inc.*,
Civil Action No. 21-cv-03098-LKG, 2024 WL 5442361 (D. Md. Sep. 18, 2024) ....10

*Fish v. Air & Liquid Sys. Corp.*,
No. CV GLR-16-496, 2017 WL 697663 (D. Md. Feb. 21, 2017) ....8

*In re Indep. Serv. Organizations Antitrust Litig.*,
168 F.R.D. 651 (D. Kan. 1996) ....10

*JPMorgan Chase Bank v. Winget*,
No. 08-13845, 2016 WL 7242136 (E.D. Mich. Dec. 15, 2016) ....8

*Mayor & City Council of Baltimore v. Unisys Corp.*,
No. CV JKB-12-614, 2014 WL 12738095 (D. Md. Apr. 23, 2014) ....8

*Ransom v. Herrera*,
No. 1:11-cv-01709-LJO-EPG (PC), 2018 WL 4008386 (E.D. Cal. Aug. 21, 2018) ....10

*Spears v. City of Indianapolis*,
74 F.3d 153 (7th Cir. 1996) ....13

*Sprint Communs. Co., L.P. v. Comcast Cable Communs., LLC*,
No. 11-2684-JWL, 2015 WL 3742929 (D. Kan. June 15, 2015) ....11

*United States ex rel. St. Joseph's Hospital, Inc. v. United Distributors, Inc.*,
2012 WL 5511729 (S.D. Ga. Nov. 14, 2012) ....10

Page(s)

*TV Interactive Data Corp. v. Sony Corp.*,
No. C 10-475 PJH MEJ, 2012 WL 1413368 (N.D. Cal. Apr. 23, 2012) .................................. 9

**Rules**

Fed. R. Civ. P 26 ........................................................................................................ 9

Fed. R. Civ. P 30 .................................................................................................... *passim*

Fed. R. Civ. P. 37 ...................................................................................................... 2

**Other Authorities**

Kent Sinclair & Roger P. Fendrich, *Discovering Corpoate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 Ala. L. Rev. 651, 651-52 (1999) ........................................................................................ 1

# INTRODUCTION

Defendants' motion to compel a third 30(b)(6) deposition of the Plaintiffs purports to raise a host of issues, including waiver, party agreement, and witness preparation. But when those red herrings are set aside (as they must be), this dispute hinges on a straightforward issue that this Court has already resolved in Plaintiffs' favor. Namely, is a 30(b)(6) deposition the proper forum for Defendants to require Plaintiffs to identify all facts "known or reasonably available" supporting Plaintiffs' legal theories? Topics (c)(4), (f), (g), (h), and (j) all fall into this bucket. Those topics would require Plaintiffs' corporate witnesses to "respond in impromptu oral examination to questions that require [them] to 'state all support and theories' for myriad contentions in a complex case." Kent Sinclair & Roger P. Fendrich, *Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 Ala. L. Rev. 651, 651-52 (1999).

In *Stryker Corporation v. XL Insurance America, Inc.*, this Court considered this exact issue, required substantively identical topics to be answered in interrogatories, and then denied the defendant's motion to compel 30(b)(6) testimony. No. 1:17-CV-66, 2019 WL 13194566 (W.D. Mich. Oct. 29, 2019). That decision was correct and applies with equal force here, where Plaintiffs have already provided two full days of 30(b)(6) testimony and have offered to answer every single one of these topics in the form of interrogatories. As this Court held in *Stryker*, Defendants' desire to "follow up and test" witnesses on those responses is an insufficient basis to require 30(b)(6) testimony.

The other topics at issue ((c)(1)-(3) and (d)) do not warrant further 30(b)(6) testimony either. They were identified and covered at length in the first 30(b)(6) deposition in October

2025. Defendants do not dispute this. And Defendants have not identified any missing testimony related to those topics.

Defendants cannot overcome these issues on their merits, so they resort to misdirection:

- Defendants say that Plaintiffs "agreed to allow Defendants to take the deposition on these topics" and have failed to "comply with the stipulated agreement." Not so. Plaintiffs agreed only that the Defendants could take a second 30(b)(6) deposition. Plaintiffs never agreed on which topics would be covered; never agreed to the scope of the topics; and never agreed to drop or waive objections.

- Defendants say that Plaintiffs waived their objections because "Plaintiffs objected to the 30(b)(6) topics for the first time on August 11, two days before the rescheduled deposition." But that is not true either. Plaintiffs raised their objections to Defendants' second set of 30(b)(6) topics—including specifically Plaintiffs' position that (c)(4), (f), (g), (h), and (j) are improper 30(b)(6) topics—on a meet and confer call on August 5. But *Defendants* told Plaintiffs that they were "not prepared" to discuss the 30(b)(6) topics. *Defendants* then postponed the conversation and written objections to August 11.

- Defendants say that Plaintiffs should have sought a protective order. But Defendants failed to comply with their obligation to promptly meet and confer under Rule 30(b)(6). Plaintiffs asked for a meet and confer on four separate occasions between August 3 and August 10. Defendants, however, sat on Plaintiffs' requests and Plaintiffs' objections for more than a week and did not inform Plaintiffs until 8:47 PM on August 12 (the night before the 9:00 AM deposition) that they were moving forward with the deposition on *all* topics, including those to which Plaintiffs had objected. Defendants' failure to communicate is not Plaintiffs' or this Court's emergency.

In short, Defendants' motion is not "substantially justified" under Rule 37(a)(5)(b). Accordingly, it should be denied in its entirety, and the Court should award Plaintiffs their costs and fees in responding under Rule 37(a)(5)(b).

## BACKGROUND

### The parties agree that Defendants can take a second 30(b)(6) deposition of Plaintiffs but do not agree on the scope of the second deposition.

In October 2025, Defendants noticed the 30(b)(6) deposition of Plaintiffs. (*See* Ex. H, 10.6.25 Notice of Dep. of Pls.) The notice, however, was quite broad and sought testimony on topics that were irrelevant to the preliminary injunction hearing that the parties were preparing

for in October of 2025. (*See id.*) Plaintiffs asked Defendants to "narrow the scope of [their] notice," because "[a]s presently drafted, the scope is so broad that we can't adequately prepare the appropriate witnesses." (*See* Ex. F, 10.10.25 Email from J. Lauderbach.) The parties subsequently agreed to limit the deposition to topics to those that were relevant to the preliminary injunction motion and that Defendants could take a second 30(b)(6) deposition at a later date.[1] (*See* Tr. of First 30(b)(6) of Pls. at 8-9, 16 (ECF No. 210-2, PageID.3308-3310); *see also* Ex. G, 10.22.25 Email from J. Lauderbach.) Contrary to Defendants' telling, the parties did not agree on which topics could be covered in the second deposition, the scope of those topics, or objections to those topics. (*See* Tr. of First 30(b)(6) of Pls. at 8-9, 16 (ECF No. 210-2, PageID.3308-3310); *see also* Ex. G, 10.22.25 Email from J. Lauderbach.)

**Defendants question Plaintiffs' corporate representatives for an entire day and cover nearly every topic in the October notice.**

That first 30(b)(6) deposition began at 9:01 a.m. on October 24, 2025, and ended at 5:24 p.m. that day. (*See* Tr. of First 30(b)(6) of Pls. at 6, 236 (ECF No. 210-2, PageID.3308, 3365).) Over that full day of testimony, Defendants covered all of the topics in their deposition notice except for those that related specifically to Counts II through IV and VI and were thus not at issue in the preliminary injunction hearing. For example, Topics (2), (5), and (6) of Defendants' notice covered Plaintiffs' Statement of Faith, contract bids, and contract performance. (Re-Notice of Dep. of Pls. (ECF No. 210-3, PageID.3371-3372).) Defendants covered these topics extensively. (*See, e.g.*, Tr. of First 30(b)(6) of Pls. at 41-43 & 53-65 (Statement of Faith), 128-

[1] Plaintiffs sought a preliminary injunction solely on Count I (targeting), but Defendants—in topics three and four—sought testimony on Counts I through IV and VI. (*See* Ex. H, 10.6.25 Notice of Dep. of Pls.; Pls.' Mem. in Supp. Of Renewed Mot. for Prelim. Inj. at 17-18 (ECF No. 67, Page.ID.1216-1217).)

151 (bids), 158-181 & 191-215 (performance) (ECF No. 210-2, PageID.3317, 3320-3323, 3338-3344, 3346-3352, 3354-3360).)

**Defendants notice the second 30(b)(6) deposition for topics that are overbroad, improper, and duplicative.**

On July 14, 2026, Defendants noticed a second 30(b)(6) deposition. Despite having already taken a full day of testimony, the notice was unbounded in scope and duplicative of topics that had been covered at length during the first full day of 30(b)(6) testimony. (*See* Notice of Second Dep. of Pls. (ECF No. 210-5, PageID.3381-3383).) For example, in topics (c)(1)-(3) and (d) Defendants again sought testimony on Plaintiffs' bids and contract performance, even though neither of those had been the subject of any meaningful factual development since they were covered in the first 30(b)(6) deposition. (*See id.* at PageID.3381-3382.) Defendants also sought testimony on topics that were not proper 30(b)(6) topics, including, "Plaintiffs' factual basis and supporting documentation" for their contention "that the policy or conduct Plaintiffs challenge is not neutral and not generally applicable, including any individualized exemptions, discretionary determinations, or comparators Plaintiffs contend were treated more favorably than Plaintiffs." (*Id.* at PageID.3382.)

**Plaintiffs work with Defendants to find a mutually agreeable date for the second 30(b)(6) deposition of Plaintiffs.**

Plaintiffs notified Defendants that July 30 (the date in the notice) would not work for Plaintiffs' corporate representatives. (*See* 7.21.26 Email from D. Brookins (ECF No. 210-6, PageID.3385).) Because of the representatives' schedules and the twelve other depositions the parties were already taking in August, finding an alternative date was challenging. Plaintiffs initially offered dates at the end of August, (*see id.*), but after significant back and forth, the parties agreed to hold the deposition on August 13. (*See* Ex. A, 8.3.26 Email from D. Brookins.)

Defendants re-noticed the deposition on August 4. (Re-Notice of Defs.' Second Dep. of Pls. (ECF No. 210-8, PageID.3396).)

**Starting on August 3, Plaintiffs make four requests to meet and confer as required by Rule 30(b)(6), but Defendants ignore Plaintiffs until August 11.**

On August 3 (a day *before* the deposition was re-noticed), Plaintiffs asked Defendants for the meet-and-confer required by Rule 30(b)(6). (Ex. A, 8.3.26 Email from D. Brookins.) Defendants did not respond to this request. Plaintiffs again attempted to discuss the 30(b)(6) topics during a call held by the parties on August 5. On that call, Plaintiffs told Defendants that they were objecting to topics (c), (d), (f), (g), (h), and (j) and that (c)(4), (f), (g), (h), and (j) were not proper 30(b)(6) subjects. Defendants, however, informed Plaintiffs that they were "not prepared" to discuss 30(b)(6) topics and asked to resume the conversation after the deposition of Nicole Adams on August 7. Defendants themselves memorialized this in an email summarizing the contents of that August 5 call: "Rule 30(b)(6) Deposition Topics: We plan to have a discussion with you after Nicole's deposition on Friday about narrowing topics or omitting whole areas of questioning. You have stated similar concerns related to our Rule 30(b)(6) notice." (Ex. B, R. Wier 8.5.26 Email.)

After Ms. Adams' deposition on August 7, Defendants again asked to postpone the 30(b)(6) meet-and-confer to Monday, August 10. So, on Monday August 10 Plaintiffs again followed up: "On Friday, we agreed to touch base today to chat through the 30(b)(6) topics and the other outstanding discovery issues. Are you free at 2 pm this afternoon for that call? If so, I can send a Zoom invite." (Ex. C, Emails Between Counsel on 8.10.26.) But *again*, Defendants were unavailable: "We are jammed up today. Could we do tomorrow morning?" (*Id.*)

After *four separate requests from Plaintiffs over eight days*, the parties finally held the required meet-and-confer on August 11—two days before the August 13 deposition. During that

call, Plaintiffs reiterated their objections, and the parties agreed that they would put their objections in writing. Plaintiffs did so that day: "As promised, attached are Plaintiffs' written objections to Defendants' Re-Notice of Plaintiffs' 30(b)(6) deposition. *These should track our previous conversations* but if you have any questions or want to discuss further, let us know." (8.11.26 Email from D. Brookins (ECF No. 210-9, PageID.3403) (emphasis added).) Plaintiffs never followed up to say that these objections were new, surprising, or inconsistent with the parties' calls on August 5 or August 11. Instead, after sitting on Plaintiffs' objections to topics (c), (d), (f), (g), (h), and (j) for *a full week*, Defendants emailed Plaintiffs on August 12 at 8:47 PM: "[W]e do not agree to drop the topics. We'll see you tomorrow." (Ex. D, Emails Between Counsel from 8.10.26 to 8.11.26.)

**Defendants hold the second 30(b)(6) deposition open pending resolution of this dispute.**

At the deposition itself, Plaintiffs—consistent with Rule 30—placed their scope objections on the record and did not instruct any witness not to answer any question because it related to a disputed topic or fell outside of the identified topics. (*See, e.g.*, 8.13.26 Tr. of A. Osburn at 49-50 (ECF No. 210-11, PageID.3423).) Plaintiffs did not "with[o]ld the witnesses" as Defendants contend. (Defs' Br. in Supp. of Corrected Mot. to Compel at 13 (ECF No. 210, PageID.3299).) Instead, the parties together attempted to contact Judge Green to obtain his assistance in resolving this dispute. (*See* 8.13.26 Tr. of A. Osburn at 115-118 (ECF No. 210-11, PageID.3426-3427).) And when the parties could not reach Judge Green, the parties agreed to complete the deposition on topics (a), (b), (c), (e), and (k), and Defendants sought to hold the deposition open pending resolution of the parties' dispute with respect to topics (c), (d), (f), (g), (h), and (j). (*See id.*) The parties then did so.

**Plaintiffs reach out to Defendants with further compromises in a good faith effort to resolve this dispute.**

Following the second 30(b)(6) deposition Plaintiffs directed Defendants to this Court's decision in *Stryker* and offered to answer topics (c)(4), (e), (f), (g), (h), and (j) in the form of contention interrogatories, as this Court required in *Stryker*. (*See* Emails Between Counsel from 8.15.26 to 8.21.26 (ECF No. 210-14, PageID.3442-3447).) Defendants declined this compromise. (*See id.*) In Defendants' view, further 30(b)(6) testimony was required because topics (c) and (d) were still outstanding and concerned "a specific factual dispute not covered by other discovery." (*Id.* at 2-3 (PageID.3443-3444).) But that was not accurate, because those topics were identified and covered during the first 30(b)(6). Plaintiffs pointed this out in their reply message. (*Id.* at 1 (PageId.3442).) Defendants never responded. Six days later, Defendants notified Plaintiffs that they would be filing this motion, which they filed later that evening. (Ex. E, 8.27.26 Email from M. Linderman Richelew.)

## ARGUMENT

### I. Topics (c)(4), (f), (g), (h), and (j) are not proper subjects of 30(b)(6) testimony.

Topics (c)(4), (f), (g), (h), and (j) are improper subjects for 30(b)(6) testimony because they seek to test and probe "the factual basis and supporting documentation" for Plaintiffs' contentions, including that Defendants' policies were not "neutral and generally applicable"; that Plaintiffs were "excluded . . . from . . . an otherwise available government benefit because of Plaintiffs' religious . . . beliefs"; that Defendants' bid scoring was "pretextual"; that "Defendants burdened Plaintiffs' expressive association"; and that "Defendants retaliated against Plaintiffs." (Ex. D, Emails Between Counsel from 8.10.26 to 8.11.26.)

Federal courts have routinely held that "[d]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories." *JPMorgan Chase Bank v. Winget*, No. 08-13845, 2016 WL 7242136, at *4 (E.D. Mich. Dec. 15, 2016); *see, e.g.*, *Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *20–21 (D. Md. Feb. 21, 2017) (Rule 30(b)(6) deposition was improper when it sought responses on the "factual basis for Ford's defenses, factual positions or claims," because, "such a request can more narrowly be answered through an interrogatory response."); *Mayor & City Council of Baltimore v. Unisys Corp.*, No. CV JKB-12-614, 2014 WL 12738095, at *3 (D. Md. Apr. 23, 2014) (noting that contention interrogatories are preferred to Rule 30(b)(6) deposition testimony when inquiring into "a party's legal contentions and the relevant supporting facts"); *EEOC v. Am. Int'l Group, Inc.*, 1994 WL 376052, at *2–3 (S.D.N.Y. Jul 18, 1994) (Rule 30(b)(6) witness does not have to answer questions relating to allegations in the complaint).

This Court considered this exact issue in *Stryker Corporation v. XL Insurance America, Inc.*, and rejected the very position Defendants advance. No. 1:17-CV-66, 2019 WL 13194566, at *1 (W.D. Mich. Oct. 29, 2019). In *Stryker*, XL Insurance (the defendant) sought a 30(b)(6) of Stryker (the plaintiff) to probe the factual basis of Stryker's contentions. *Id.* Stryker opposed the 30(b)(6) on the grounds that the deposition of a corporate representative was an improper vehicle for this line of questioning. *Id.* This Court agreed and had Stryker respond to these topics in interrogatories. *Id.*

After Stryker answered those interrogatories, XL again sought 30(b)(6) testimony on the basis that it was entitled to a 30(b)(6) to probe the sufficiency of Stryker's interrogatory responses. *Id.* This Court again rejected their position, explaining that XL's "argument that it is entitled to take a Rule 30(b)(6) deposition as a matter of right is simply incorrect." *Id.* at *2.

"[T]he Rule 30(b)(6) deposition itself is not a fundamental right of discovery." *Id.* Instead, Rule 26 "allows the Court to restrict discovery if the requested discovery will be overly broad, unduly burdensome, duplicative, or where the party seeking discovery has ample opportunity to obtain the information sought." *Id.* at *1. Applying that rule, this Court held that "Stryker has provided XL with answers to contention interrogatories that encompass Stryker's legal positions and the factual basis underlying those positions." *Id.* at *2.

The same reasoning applies here. Plaintiffs do not wish to prevent Defendants from obtaining the discovery they seek. The issue is instead choosing the correct vehicle for obtaining that information. To this end, Plaintiffs offered to answer topics (c)(4), (e), (f), (g), (h), and (j) in the form of contention interrogatories. (*See* Emails Between Counsel from 8.15.26 to 8.21.26 (ECF No. 210-14, PageID.3442-3447).) Defendants declined this offer. (*See id.*) But interrogatories are both more efficient and more fair. They remove the risk that Defendants will try to use the 30(b)(6) to trap witnesses by having them "respond in impromptu oral examination to questions that require [them] to 'state all support and theories' for myriad contentions in a complex case." Sinclair & Fendrich, 50 Ala. L. R. at 651–52; *see, e.g.*, *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH MEJ, 2012 WL 1413368, at *3 (N.D. Cal. Apr. 23, 2012) (denying motion to compel a 30(b)(6) deposition because "TVI is able to learn the same information it seeks through this deposition from appropriately framed contention interrogatories").

At bottom, Defendants are asking Plaintiffs to do precisely what numerous courts have refused to compel:

> To provide the information defendants seek would in effect require the [plaintiffs] to marshal all of [their] factual proof and then provide it to the 30(b)(6) designate so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient

> and burdensome, rather than the most direct manner of securing relevant information.

*In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (citation omitted); *see also United States ex rel. St. Joseph's Hospital, Inc. v. United Distributors, Inc.*, 2012 WL 5511729, at *5 (S.D. Ga. Nov. 14, 2012) (granting a protective order on a Rule 30(b)(6) deposition and requiring contention interrogatories). The Court should therefore refuse Defendants' request to compel deposition testimony on its improper topics.

## II. Topics (c)(1)-(3) and (d) were already identified and covered in the first 30(b)(6) deposition.

The Court should also deny Defendants Motion to Compel as to Topics (c)(1)–(3) and (d) because Defendants already covered these topics in the October 2025 deposition. (*See, e.g.*, Tr. of First 30(b)(6) of Pls. at 128-151,158-181, 191-215 (ECF No. 210-2, PageID.3338-3344, 3346-3352, 3354-3360).) Defendants have no right require Plaintiffs' witness to testify a second time as to these same topics.

Indeed, Courts routinely deny 30(b)(6) depositions as duplicative when, as here, the discoverable information will parrot the information that has already been provided. *See Ransom v. Herrera*, No. 1:11-cv-01709-LJO-EPG (PC), 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018) ("[N]ot only is there no legal right to question a witness on ground already covered, a judge *must* limit discovery to the extent it is 'unreasonably cumulative or duplicative.'"); *BIAX Corp. v. NVIDIA Corp.*, No. 09-CV-01257-PAB-MEH, 2011 WL 31101, at *2 (D. Colo. Jan. 5, 2011) ("The Court agrees with NVIDIA's contention that it need not produce duplicative 30(b)(6) witnesses if an individual witness has already testified adequately on the subject matter."); *Est. of Jenkins v. Am. Funds Distribs., Inc.*, Civil Action No. 21-cv-03098-LKG, 2024 WL 5442361, at *5 (D. Md. Sep. 18, 2024) (limiting 30(b)(6) notice "upon the ground that this

discovery request is cumulative and duplicative”); *Sprint Communs. Co., L.P. v. Comcast Cable Communs., LLC*, No. 11-2684-JWL, 2015 WL 3742929, at *4 (D. Kan. June 15, 2015) (denying defendant’s motion to compel 30(b)(6) deposition testimony on topics that were redundant of other discovery requests when defendant “set forth no facts to suggest that additional testimony on these (albeit relevant) topics is necessary to ensure that it has a fair opportunity to develop its case”).

Defendants do not offer any justification for requiring Plaintiffs to produce a witness for further testimony on the same topics for which Plaintiffs’ 30(b)(6) witnesses already testified. Therefore, the Court should also deny Defendants’ motion to compel as to Topics (c)(1)–(3) and (d).

## III. Plaintiffs’ witnesses were prepared.

Defendants also complain that Plaintiffs’ witnesses were not prepared for the 30(b)(6) deposition, citing a handful of responses to questions concerning Topics (a), (b), (e), and (k). Notably, Defendants do not seek further testimony on *any* of these topics. (*See* Defs.’ Br. at 16-17 (ECF No. 210, PageID.3302-3303).) Therefore, the Court can simply ignore Defendants’ gripe.

Even on the merits, Plaintiffs’ witnesses were prepared, answering hundreds of questions over two full days of 30(b)(6) testimony. From this comprehensive testimony, Defendants cherry-pick a handful of questions, including Mr. DeVries’ inability to recall an exact date off the top of his head. (8.13.26 Tr. of S. DeVries at 79 (ECF No. 210-12, PageID.3435).) But “absolute perfection is not required of a 30(b)(6) witness[,]” and “[t]he mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation

failed to comply with its obligation." *DTE Elec. Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2024 WL 4220714, at *2 (E.D. Mich. Sep. 17, 2024) (citations omitted)

In *DTE Electric*, defendants sought sanctions after they took issue with plaintiffs' 30(b)(6) testimony, providing "four illustrative examples" of the plaintiffs' shortcomings—which were supposedly "too numerous to recount in detail." *Id.* In reviewing these supposed shortcomings, the court concluded that "[d]efendants are challenging a select few pages from a deposition that took two full days to complete." *Id.* at *4. The court denied defendants' motion, ruling that it did "not deem these instances to amount to a failure to appear." *Id.*

Just so here. Plaintiffs' witnesses participated in two full-day 30(b)(6) depositions, offering satisfactory testimony on hundreds of questions. Additionally, Defendants have now deposed Plaintiffs' CEO, COO, CFO, CCO, and other senior leaders. In short, Defendants have boiled the ocean in their discovery. Plaintiffs' witnesses' difficulty in supplying a handful of answers amid Defendants' days' long questioning does not "amount to a failure to appear." *Id.*

## IV. Plaintiffs have complied with their obligations under the Federal Rules of Civil Procedure and have not waived any objections.

Finally, Defendants argue that Plaintiffs forfeited their objections to the second 30(b)(6) deposition by failing to comply with their obligations under the federal rules—namely, by neglecting to object to Defendants' noticed topics until August 11 and by not seeking a protective order. Defendants' contentions have no merit.

To begin, Defendants are wrong that Plaintiffs first objected to the 30(b)(6) topics on August 11. Plaintiffs objected to the topics on a phone call with Defendants on August 5 and made four separate requests to discuss their objections to Defendants' deposition topics between August 3 and August 10. Defendants—not Plaintiffs—postponed that discussion and the ensuing written objections to August 11. (*See* 8.11.26 Email from D. Brookins (ECF No. 210-9,

PageID.3403).) Thus, Plaintiffs did all that they could to timely object to Defendants' improper deposition topics. But Defendants refused to confer with Plaintiffs until August 11, and they only informed Plaintiffs that they would not narrow the noticed topics a mere twelve hours before the deposition began. (Ex. D, Emails Between Counsel from 8.10.26 to 8.11.26.) Defendants cannot coerce a forfeiture out of Plaintiffs simply by refusing to listen to their objections.

Defendants then argue Plaintiffs should have obtained a protective order, and that Plaintiffs' failure to do so forfeited their right to object to Defendants' topics. But Defendants' decision to inform Plaintiffs on the night before the deposition that Defendants would not narrow the noticed topics prevented Plaintiffs from seeking a protective order. Defendants' delay created the emergency, and they cannot now blame Plaintiffs for failing to get an overnight protective order. *See Arora v. Midland Credit Mgmt.*, No. 15 C 6109, 2021 WL 3737695, at *1 (N.D. Ill. Aug. 23, 2021) (denying plaintiff's motion to compel 30(b)(6) testimony after the plaintiff sat on defendant's objections "until the last minute"); *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute . . . they are playing with fire."); *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) ("When an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright."). Given Defendants' repeated refusal to engage with Plaintiffs' objections to the noticed topics until the eleventh hour, Plaintiffs were not required to obtain a protective order to preserve their objections.[2]

---

[2] If the Court disagrees, Plaintiffs respectfully request that the Court treat this response as a motion for a protective order.

Defendants also briefly suggest that Plaintiffs "withheld the witnesses." (Defs.' Br. at 12-13 (ECF No. 210, PageID.3298-3299).) But even with only hours' notice, Plaintiffs proceeded with the deposition and did not instruct any witness not to answer any question that related to a disputed topic. In fact, the parties together attempted to contact Judge Green during the deposition to resolve this dispute. (*See* 8.13.26 Tr. of A. Osburn at 115-17 (ECF No. 210-11, PageID.3426-3427).) When the parties could not reach Judge Green, the parties agreed to complete the deposition on topics (a), (b), (c), (e), and (k). (*See id.*)

Finally, Defendants contend that by failing to object to the original noticed topics for the October 2025 deposition, Plaintiffs forfeited any objections to Defendants' distinct topics for the August 2026 deposition. Defendants fail to cite a single case to support this argument. (Defs.' Br. at 7-8 (ECF No. 210, PageID.3293–94).) For good reason, because Plaintiffs plainly did not forfeit their objections to Defendants' new deposition topics. For one, Plaintiffs did object to the breadth of the October 2025 topics. (*See* Ex. F, 10.10.25 Email from J. Lauderbach.) And in all events, this was a new deposition, covering even broader topics, and taking place after the parties had exchanged nearly 100,000 pages of documents. Simply put, Plaintiffs had new reasons to object to the noticed topics for the August 2026 deposition.

## CONCLUSION

Defendants' motion to compel should be denied in its entirety.

Dated: September 8, 2026

/s/ *Daniel S. Brookins*
Jonathan E. Lauderbach (P51313)
Daniel S. Brookins (P86665)
Katrin B. Kelley (P88133)
WARNER NORCROSS + JUDD LLP
150 Ottawa Ave. NW, Ste. 1500
Grand Rapids, MI 49503
jlauderbach@wnj.com

dbrookins@wnj.com
kkelley@wnj.com

Lori D. Kepner
Steven T. McFarland
Center For Law & Religious Freedom
CHRISTIAN LEGAL SOCIETY
8001 Braddock Road, Ste. 302
Springfield, VA 22151

*Attorneys for Plaintiffs*

139601.217344 #34806493-1