UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETHANY CHRISTIAN SERVICES; BETHANY CHRISTIAN SERVICES OF MICHIGAN; and BETHANY CHRISTIAN SERVICES USA, LLC,

Plaintiffs,

v

SUSAN CORBIN, in her official capacity as director of the MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY; POPPY SIAS HERNANDEZ, in her official capacity as Executive Director of the OFFICE OF GLOBAL MICHIGAN, and BEN CABANAW, in his official capacity as Deputy Director of the OFFICE OF GLOBAL MICHIGAN,

Defendants.

Case No. 1:24-cv-0922-JMB-PJG

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

______________________________________________/

**DEFENDANTS' PROPOSED ORDER**

This matter is before the Court on Plaintiffs' motion to compel discovery. (ECF No. 171). The Court held an initial hearing on the motion on July 23, 2026, and a final hearing on the motion on September 21, 2026. (*See* ECF Nos. 182, 220). All parties appeared through counsel. Following the initial hearing, the Court issued an Order denying in part and holding in abeyance in part Plaintiffs' motion. (ECF No. 183). Following the final hearing, and having considered the parties' oral and written submissions, and for the reasons stated on the record, Plaintiffs' motion is now **GRANTED IN PART** and otherwise **DENIED**. The Court finds that former

Defendant Benjamin Cabanaw, who had authority to waive the privilege, waived the attorney-client privilege by disclosing to third parties advice he received from the Michigan Department of Attorney General. This is not a general waiver of the attorney-client privilege. The waiver is limited to the subject matter and time period set forth below. Nor does the Court find any waiver of the attorney work-product privilege. Plaintiffs did not ask the Court to find such a waiver; to the contrary, Plaintiffs represented that the subject matter of the waiver they sought "does not seek work product related to this litigation." (ECF No. 172, PageID.2357.) Defendants therefore had no notice of, or opportunity to address, any work-product waiver in their response. (*See* ECF No. 176.)

On or before October 15, 2026, Defendants are **ORDERED** to produce all communications and documents solely withheld on the basis of the attorney-client privilege in their possession, custody, or control that were sent, received, or otherwise dated between January 8, 2024 and April 30, 2024 and are related to (a) Bethany Christian Services' Statement of Faith or (b) whether that Statement of Faith permitted the Office of Global Michigan and/or the Michigan Department of Labor and Economic Opportunity to cancel or terminate Bethany Christian Services' contracts. This includes, without limitation, communications with, or any memorandum received from, the Michigan Department of the Attorney General related to that subject matter during that timeframe that were withheld under the attorney-client privilege.

Defendants are not required to produce documents that fall outside the subject matter or time period described above, or documents withheld on the basis of the deliberative process privilege, as to which Plaintiffs' motion was previously denied. (ECF No. 183).

**IT IS SO ORDERED**.

Date:

______________________________
PHILLIP J. GREEN
United States Magistrate Judge

Respectfully submitted,

Date: October 1, 2026

*Ryan J. Wier*
Ryan Wier (P83886)
Kyla L. Barranco (P81082)
Marla Linderman Richelew (P55759)
Department of Attorney General
Civil Rights & Special Initiatives
3030 W. Grand Boulevard, 10th Floor.
Detroit, MI 48202
(517) 335-7628
wierr2@michigan.gov
barrancok@michigan.gov
lindermanrichelewm@michigan.gov

*Attorneys for Defendants*